UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **James Martin, Sr.,** | ) | **CASE NO. 5:16 CV 674** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Carolyn W. Colvin,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### INTRODUCTION

This matter is before the Court upon the Report and Recommendation of Magistrate Judge George J. Limbert (Doc. 18), recommending that the decision of the Commissioner be AFFIRMED.  Plaintiff has filed objections to the Report and Recommendation.  For the reasons that follow, the Report and Recommendation is ACCEPTED and the decision of the Commissioner is AFFIRMED.

### STANDARD OF REVIEW

When objections are made to a Magistrate Judge's Report and Recommendation, the district court reviews the case *de novo*.  Federal Rule of Civil Procedure 72(b) provides in

1

pertinent part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

As stated in the Advisory Committee Notes, "The term 'de novo' signifies the magistrate's findings are not protected by the clearly erroneous doctrine, but does not indicate that a second evidentiary hearing is required." *citing United States v. Raddatz*, 447 U.S. 667 (1980).

### **ANALYSIS**

The relevant medical evidence is thoroughly set forth by the Magistrate Judge in the Report and Recommendation ("R&R") and need not be restated herein.  Plaintiff objects to the Magistrate Judge's conclusion that the ALJ did not err in applying the treating physician rule.  For the following reasons, the objection is not well-taken.

According to plaintiff, the ALJ failed to properly weigh the opinion of Dr. Dorman.  Plaintiff claims that the evidence the ALJ relied on is insufficient to discount the opinion of this treating physician.  As the government points out, however, the ALJ specifically cited evidence disclosing normal findings regarding plaintiff's back.  Although plaintiff complained of back pain, the medical findings were normal and showed full lumbar and cervical range of motion and full extremity of strength.  In addition, the ALJ relied on treatment notes from Dr. Ali, which

were consistent with Dr. Dorman's examination findings.[1]  In all, the Court finds that the ALJ properly applied the treating physician rule and plaintiff's objection to the contrary is not well-taken.

### **CONCLUSION**

Having considered the Objections and upon review, this Court agrees with the determinations of the Magistrate Judge and, therefore, his findings are hereby incorporated by reference.  The Report and Recommendation is ACCEPTED.  The final decision of the Commissioner of Social Security is AFFIRMED.

IT IS SO ORDERED.

                                              /s/ Patricia A. Gaughan
                                             PATRICIA A. GAUGHAN
                                             United States District Judge

Dated: 11/30/16

---

[1] The Court further rejects plaintiff's argument that the ALJ erred by noting that Dr. Dorman's opinion was inconsistent with a later opinion she authored.  The Court simply finds no error in this regard in that the opinions were in fact inconsistent.